UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAMEON C. MOORE, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF GARY, INDIANA, *et al.* )<br>    Defendants. ) | CAUSE NO.: 2:08-CV-112-PPS-PRC |

### FINDINGS, REPORT, AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE PURSUANT TO
### 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a Verified Motion for Imposition of Sanctions [DE 53], filed by Plaintiff on September 4, 2009, and an Amended, Verified Motion for Imposition of Sanctions [DE 54], filed by Plaintiff on September 6, 2009.

On September 10, 2009, District Court Judge Philip P. Simon issued an Order [DE 59] referring this matter to Magistrate Judge Paul R. Cherry for the limited purpose of ruling on the instant Amended, Verified Motion for Imposition of Sanctions. This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court deny as moot the Verified Motion for Imposition of Sanctions, and deny in part and grant in part, with relief different than requested, the Amended, Verified Motion for Imposition of Sanctions.

Because the Amended, Verified Motion contains the same allegations and requested relief as in the Verified Motion, except for the addition of a footnote and request for attorneys fees pursuant to 42 U.S.C. § 1988(b), the Court hereby recommends that the District Court Judge **DENY as moot** the Verified Motion for Imposition of Sanctions [DE 53].

On February 12, 2009, and August 11, 2009, the Court issued Orders [DE 29 and 49] granting Plaintiff's First and Second Motions to Compel Discovery. In Plaintiff's Second Motion to Compel Discovery [DE 43], Plaintiff represented that he had been able to complete only six of twelve depositions that had been scheduled with the Defendants. Further, counsel for Plaintiff represented that several deponents failed to appear for their scheduled depositions. In the Court's August 11, 2009 Order, the Court ordered the Defendants to submit the requested deponents to deposition by September 4, 2009, and extended the discovery deadline through September 5, 2009. As Plaintiff specified in his Second Motion to Compel Discovery, these deponents included Defendants Danny Sorbello, William Jones, Tijuan Dickerson, and Antonio Johnson.

In the instant Amended, Verified Motion for Imposition of Sanctions, Plaintiff represents that on August 11, 2009, he scheduled the depositions of Defendant Sorbello for August 25, 2009, and the depositions of Defendants Jones, Dickerson, and Johnson for August 27, 2009, and issued an Amended Notice of Deposition and Notice of Deposition to these Defendants. The Defendants failed to appear for these scheduled depositions and Plaintiff rescheduled the depositions for September 4, 2009, and issued a Second Amended Notice of Deposition to the Defendants. Plaintiff represents that Defendants Jones, Dickerson, Johnson, and Sorbello failed to appear at the September 4, 2009 deposition. Counsel for the Defendants then informed counsel for the Plaintiff that Defendants Jones and Dickerson no longer worked for the Gary Police Department, Defendant Sorbello was retired, and Defendant Johnson had to go to the dentist.

Further, counsel for Plaintiff represents that the Defendants have provided an incomplete response to his Second Request for Production of Documents to the Defendant City of Gary, Indiana, and Amended Second Request for Production of Documents to Defendant City of Gary,

Indiana. Accordingly, Plaintiff requests that the Court find that the Defendants' conduct is in contempt of the Court's prior Orders on Plaintiff's Motions to Compel, enter a default judgment against Defendants City of Gary, Danny Sorbello, Tijuan Dickerson, William Jones, and Antonio Johnson, set this matter for a hearing on damages, and award Plaintiff reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988(b).

On September 21, 2009, the Defendants filed a response brief indicating that since entering his appearance on the Defendants' behalf in early August 2009, counsel for the Defendants has cooperated with the Plaintiff in coordinating depositions. Further, counsel for Defendants represents that the City of Gary has complied and provided responses to Plaintiff's Second Request for Production of Documents. Additionally, counsel for Defendants requests a thirty day extension of time to produce Defendants Sorbello and Dickerson for deposition.

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to sanction a party for failing to obey an order to provide or permit discovery, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). The decision to enter a default judgment as a sanction for a discovery violation is left to the discretion of the district court. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). A default judgment should not be entered unless the court finds willfulness, bad faith or fault on the part of the defaulted party. *Id.* A court need not impose a lesser sanction before deciding to enter a default judgment as a sanction. *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). Further, a court may consider prejudice to the plaintiff caused by the defendant's conduct. *See Martin v. Fort Wayne Police Dept.*, No. 1:04-CV-450-TS, 2005 WL 3118020, at *3 (N.D. Ind. Nov. 21, 2005) (evaluating the prejudice to the plaintiff resulting from the defendant's dilatory conduct).

Here, despite the Court's August 11, 2009 Order requiring the Defendants to submit to deposition by September 4, 2009, Defendants Dickerson, Jones, Johnson, and Sorbello failed to do so on two occasions. Plaintiff has been prejudiced from the Defendants' failure to comply with the August 11, 2009 Order because the discovery deadline has now expired, and Plaintiff has been unable to take the depositions of these Defendants. Nonetheless, the Court does not believe that a default judgment is the appropriate sanction in the instant case, as Plaintiff fails to show that the Defendants' conduct was willful or in bad faith. As counsel for Defendant represents in the Defendants' reply brief, Defendants Sorbello, Dickerson, and Jones no longer work for the Gary Police Department. Further, although counsel for Defendant apparently waited until the September 4, 2009 deposition to do so, he notified Plaintiff that Defendant Johnson could not attend the deposition because he had to go to the dentist. In the Defendants' reply brief, counsel for Defendant requests a thirty day extension of time to produce Defendants Sorbello and Dickerson for deposition, but he makes no representation as to Defendants Jones and Johnson. Although the Court does not condone the Defendants' actions in causing further delay in this matter, the Court concludes that Plaintiff has failed to show that the Defendants willfully or in bad faith disregarded the Court's August 11, 2009 Order.

Nonetheless, it appears from the record that the Defendants have failed to provide all of the documentation requested by the Plaintiff's Requests for Production of Documents. In particular, Defendants have failed to produce the documents requested by Plaintiff's Amended Second Request for Production of Documents to Defendant City of Gary, Indiana, Request Nos. 1, 5, 6, and 9. Accordingly, although the Court does not conclude that Defendants acted willfully or in bad faith, the Court does agree with Plaintiff that Defendants should be sanctioned pursuant to Rule 37.

4

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court Judge (1) **DENY as moot** the Verified Motion for Imposition of Sanctions [DE 53] and (2) **DENY in part and GRANT in part, with relief different than requested,** the Amended, Verified Motion for Imposition of Sanctions [DE 54], (a) **DENYING** the Motion to the extent that Plaintiff requests that the Court enter a default judgment against Defendants City of Gary, Sorbello, Dickerson, Jones, and Johnson, schedule this matter for a hearing on damages, and award attorney fees and costs pursuant to 42 U.S.C. § 1988(b)[1]; and (b) **GRANTING** the Motion to the extent that it requests the Court to find the Defendants in contempt.

The Court further **RECOMMENDS** that the District Court Judge (3) **FIND** Defendants City of Gary, Tijuan Dickerson, William Jones, Danny Sorbello, and Antonio Johnson in contempt of the Court's August 11, 2009 Order, and **ORDER** Defendants City of Gary, Tijuan Dickerson, William Jones, Danny Sorbello, and Antonio Johnson to pay to the Plaintiff, as a sanction, reasonable attorney fees incurred in filing the Motions for Sanctions, on or before **December 31, 2009**, and **ORDER** Plaintiff to file an affidavit detailing his itemization of costs and fees related to the instant Motions.

The Court further **RECOMMENDS** that the District Court Judge (4) **REOPEN** discovery for the limited purpose of Plaintiff deposing Defendants Tijuan Dickerson, William Jones, Danny Sorbello, and Antonio Johnson, on or before **November 16, 2009**, and (5) **ORDER** Defendants to produce and serve upon the Plaintiff their responses to Plaintiff's Second Request for Production

---

[1] This statutory provision allows the Court to award attorney's fees to a prevailing party in a § 1983 case. Because the Court declines to enter a default judgment in this matter, and makes no finding on the merits of Plaintiff's case, the court need not recommend awarding attorney fees pursuant to this statute.

of Documents and Amended Second Request for Production of Documents, specifically, Request Nos. 1, 5, 6, and 9, by **November 16, 2009**.

Finally, the Court **RECOMMENDS** that the District Court Judge (6)**WARN** the Defendants that further failure to comply with this Court's Orders may result in an entry of default.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 16th day of October, 2009.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:     All counsel of record.